IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Vega, :
                    Petitioner :
                                      :
        v.                            :    No. 39 M.D. 2022
                                      :    Submitted: February 17, 2023
John E. Wetzel, and George M. Little, :
Secretary of Pennsylvania D.O.C.      :
Ms. B. Mason, Superintendent at       :
SCI-Mahanoy                           :
Ms. L. White, Deputy Superintendent   :
at SCI-Mahanoy, Ms. Pamela Smith,     :
and Christina Houser, Health Care     :
Administrators at S.C.I. Mahanoy,     :
                    Respondents :

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                              FILED: July 31, 2023


        John E. Wetzel, George M. Little, Bernadette Mason, Lori White,
Pamela Smith, and Christina Houser (collectively, DOC) filed a preliminary
objection to the *pro se* petition for review filed by inmate Peter Vega (Petitioner).
DOC essentially argues that because Petitioner failed to state a cognizable claim,
this Court should sustain DOC's preliminary objection and dismiss Petitioner's
petition for review. We sustain in part and overrule in part DOC's preliminary
objection.[1] We order DOC to file an answer within 30 days. Petitioner may file an
amended petition for review conditioned upon Petitioner's compliance with the
rules.

---

[1] We detail our order *infra*.

## I. BACKGROUND[2]

Petitioner requested copies of his medical records from Smith, one of the prison health care administrators. Pet. for Review, 1/28/22, ¶¶ 6, 8. Smith denied the request, stating that Petitioner was entitled to such records only if there was "a legal case." *Id.* ¶ 9. Petitioner filed an inmate grievance, which the "grievance coordinator" denied, reasoning that Petitioner must be "representing himself in actual litigation" before he could receive copies. *Id.* ¶ 11. Petitioner alleged that the relevant DOC policy, DC-ADM 003, violates 42 Pa.C.S. § 6155 of the Medical Records Act (Records Act), 42 Pa.C.S. §§ 6151-6160. *Id.* ¶¶ 12, 18.[3] Petitioner exhausted his administrative appeals, including an appeal to Mason, who was the prison superintendent. *Id.* ¶¶ 13-15.

Petitioner filed his petition for review in this Court. Petitioner contended that under the Records Act, "he has an absolute right" to copies of his medical records. *Id.* ¶ 16. In Petitioner's view, DOC's policy "should not be interpreted or applied in such a manner as to abridge" Petitioner's rights under 42

---

[2] We "must . . . accept as true all well-pleaded, material, and relevant facts alleged in the petition for review and every inference that is fairly deducible from those facts. A preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted. Where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a petition for review without leave to amend. If it is possible that the pleading can be cured by amendment, a court must give the pleader an opportunity to file an amended petition for review." *Robinson v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 97 M.D. 2021, filed Sept. 22, 2022) (unpublished) (cleaned up), 2022 WL 4372601, *1 n.1, slip op. at 1 n.1. We also "construe *pro se* materials liberally." *Id.* When available, we rely on the postmarked dates. *See generally Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. 2001) (holding that "the prisoner mailbox rule applies to all *pro se* legal filings by" inmates). We may cite to Superior Court or unreported decisions for their persuasive value. *See* Pa.R.A.P 126(b)(1); 210 Pa. Code § 69.414(a); *Pa. State Police v. Madden*, 284 A.3d 272, 278 n.13 (Pa. Cmwlth. 2022).

[3] More precisely, Petitioner alleged that DOC's original and revised DC-ADM 003 policy violates 42 Pa.C.S. § 6155. Pet. for Rev. ¶ 18.

2

Pa.C.S. § 6155.  *Id.* ¶ 19.  Further, Petitioner averred that DOC has no penological interest that justifies denial of his right to copies of his medical records.  *Id.* ¶ 22.  Petitioner concisely requested mandamus and declaratory judgment as relief, but did not otherwise elaborate.  *Id.* ¶ 23.  Petitioner did not attach the DOC policy to his petition.

DOC filed a single preliminary objection for a demurrer on several grounds.  DOC claimed Petitioner (1) has no right to mandamus relief; (2) failed to alleged sufficient personal involvement by some of the individual DOC respondents; (3) failed to sufficiently plead a violation of his rights to due process and equal protection; and (4) cannot recover as a matter of law under Sections 6151 and 6155 of the Records Act, 42 Pa.C.S. §§ 6151, 6155, and Section 802a of the Health Care Facilities Act (Facilities Act), Act of July 19, 1979, P.L. 130, *as amended*, added by the Act of July 12, 1980, P.L. 655, 35 P.S. § 448.802a.  Prelim. Objs., 4/29/22, at 3-8.  Petitioner filed a response to DOC's preliminary objection and a supporting brief.

## II. ISSUES

In support of its preliminary objection, DOC raises three issues.  First, DOC argues that Petitioner fails to plead "sufficient personal involvement" by some of the individual defendants.  DOC's Br. at 7.  Second, DOC contends that Petitioner fails to state claims for equal protection and due process.  *Id.*  Third, DOC claims that Petitioner has no right to his medical records under the Records Act.  *Id.*[4]

## III. DISCUSSION

### A. Personal Involvement of Wetzel, Little, White, and Houser

Before summarizing DOC's first argument, for context, we note that Petitioner did not allege that Wetzel, Little, White, and Houser engaged in any

---

[4] DOC implicitly argues that Petitioner has no right to mandamus relief.  *See* DOC's Br. at 11-12.

3

actions purportedly aggrieving Petitioner. *See generally* Pet. for Rev.

In support of its first issue, DOC argues that Petitioner failed to sufficiently allege the personal involvement of Wetzel, Little, White, and Houser. In DOC's view, although Petitioner named the above individuals as respondents, he did not "make any allegations whatsoever against" those individuals. DOC's Br. at 13. DOC reasons that because Petitioner failed to plead "actionable conduct" by those individuals, they must be dismissed. *Id.* at 12. DOC summarily concludes, without argument, that Smith and Mason must also be dismissed from the action. *Id.* at 13.[5]

In *Bush v. Veach*, 1 A.3d 981 (Pa. Cmwlth. 2010), this Court addressed a similar issue in an analogous procedural posture. In *Bush*, an inmate sued various prison employees, claiming that (1) the employees violated the inmate's due process rights; (2) almost all of the employees retaliated against the inmate; and (3) the prison superintendent failed to properly supervise the actions of the employees. *Bush*, 1 A.3d at 983. The defendants filed preliminary objections in the form of a demurrer. *Id.* The trial court sustained the preliminary objections, reasoning, *inter alia*, that the inmate's claim against the prison superintendent failed. *Id.* at 984. Specifically, the trial court explained that the prison superintendent could not be held liable solely on the doctrine of *respondeat superior*[6] for the employees' alleged illegal retaliatory actions against the inmate. *Id.* at 985-86. The inmate appealed.

The *Bush* Court rejected the inmate's reasoning, primarily relying on federal caselaw stating "that personal involvement can be shown through allegations

---

[5] Petitioner does not directly counter DOC's argument, other than broadly contending that DOC wronged him. *See generally* Pet'r's Br. at 8-12.

[6] "Under the doctrine of *respondeat superior*[,] recovery is sought on the basis of vicarious liability. An employer is vicariously liable for the wrongful acts of an employee if that act was committed during the course of and within the scope of employment." *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 39 (Pa. Super. 2000).

4

of personal direction or actual knowledge and acquiescence, but the allegations must be made with appropriate particularity." *Id.* at 986. The *Bush* Court therefore affirmed the trial court, reasoning that the inmate failed to allege the superintendent's actual knowledge with specificity and particularity. *Id.*

Instantly, upon review of Petitioner's petition for review, we agree with DOC that Petitioner failed to allege "actionable conduct" by Wetzel, Little, White, and Houser. *See generally* Pet. for Rev. Like the inmate in *Bush*, Petitioner failed to allege any "personal direction" or "actual knowledge and acquiescence" by the above individuals. *See Bush*, 1 A.3d at 986. As in *Bush*, which sustained a demurrer because the petitioner failed to allege an individual's actual knowledge sufficiently, we similarly sustain DOC's preliminary objection regarding Wetzel, Little, White, and Houser. *See id.* However, DOC's skeletal argument regarding Smith and Mason fails. *See* DOC's Br. at 13. Because DOC fails to argue why we should sustain its preliminary objection as to Smith and Mason, we overrule DOC's preliminary objection as to those two individuals. *See Bush*, 1 A.3d at 986; *see also* Pet. for Rev. ¶¶ 8-9, 13. Regardless, Petitioner alleged their involvement with an appropriate level of specificity. *See* Pet. for Rev. ¶¶ 8-9, 13; *Bush*, 1 A.3d at 986.

### B. Equal Protection and Due Process Claims

DOC also argues that Petitioner failed to state claims for a violation of his rights to equal protection and due process. DOC's Br. at 13.[7] DOC tersely argues

---

[7] Notably, DOC cited no legal authorities in support of its second argument. DOC's Br. at 13-14; *see* Pa.R.A.P. 106, 2119(a); *Chester Cmty. Charter Sch. v. Dep't of Educ.*, 996 A.2d 68, 75 (Pa. Cmwlth. 2010) (stating "Pennsylvania Rules of Appellate Procedure function as the Court's 'local rules' for matters within our original jurisdiction"). On that basis alone, we could deny relief to DOC because we cannot advocate as DOC's counsel. *See Commonwealth v. B.D.G.*, 959 A.2d 362, 371 (Pa. Super. 2008) (*en banc*) (stating the "Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter." (cleaned up)).

that Petitioner failed to explain how DOC's denial of Petitioner's request for his medical records violated his rights. *See id.* In DOC's view, Petitioner inadequately stated how he was "treated differently from similarly situated individuals" as to trigger an equal protection claim. *Id.* at 14. Further, DOC contends Petitioner did not identify the particular due process he believes he was entitled to receive. *Id.*[8]

"Pennsylvania is a fact pleading state." *Briggs v. SW Energy Prod. Co.*, 224 A.3d 334, 351 (Pa. 2020) (citation omitted). Accordingly, a petition for review must include "material facts on which a cause of action . . . is based[.]" Pa.R.Civ.P. 1019(a); Pa.R.A.P. 1513(e). Under Rule 1019(a), a complaint's material facts must "apprise the defendant of the claim being asserted" and "summarize the essential facts to support the claim." *Steiner v. Markel*, 968 A.2d 1253, 1260 (Pa. 2009). "The [petition for review] need not identify specific legal theories . . . . Assertions of legal rights and obligations in a [petition for review] may be construed as conclusions of law, which have no place in a pleading." *412 N. Front St. Assocs., LP v. Spector Gaden & Rosen, P.C.*, 151 A.3d 646, 656 (Pa. Super. 2016) (cleaned up).

For example, in order to plead a cause of action for equal protection, the petitioner must plead material facts "that he is receiving different treatment from that received by other similarly situated individuals." *Myers v. Ridge*, 712 A.2d 791, 799 (Pa. Cmwlth. 1998). Relatedly, a procedural due process claim requires pleading at least one of the following: inadequate notice, no opportunity to be heard, or an inability "to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Commonwealth v. Turner*, 80 A.3d 754, 764 (Pa. 2013). Those due process elements "are implicated only by adjudications, not by state actions that are

---

[8] In response, Petitioner does not counter DOC's argument, for example, by identifying the material facts supporting his due process and equal protection claims. *See generally* Pet'r's Br. at 8-12.

6

legislative in character," *i.e.*, a procedural due process claim necessarily requires an adjudicative agency action. *Sutton v. Bickell*, 220 A.3d 1027, 1032 (Pa. 2019) (affirming order "sustaining preliminary objections in the nature of a demurrer" and dismissing with prejudice the appellant's due process claims). In contrast, a substantive due process claim requires facts establishing a deprivation of a constitutionally protected property right or other interest. *Khan v. State Bd. of Auctioneer Exam'rs*, 842 A.2d 936, 946 (Pa. 2004). In the prison context, the challenged deprivation must be balanced against "legitimate penological interests." *Sutton*, 220 A.3d at 1033 (citation omitted). Thus, a petitioner must plead material facts to support each element of the claims at issue. *See* Pa.R.Civ.P. 1019(a); Pa.R.A.P. 1513(e); *Steiner*, 968 A.2d at 1260.

Instantly, even after construing Petitioner's *pro se* petition for review liberally, he fails to plead material facts for his due process and equal protection claims. Specifically, Petitioner does not plead material facts regarding his differential treatment, inadequate notice or an inability to defend himself, or a constitutionally protected right. *See* Pa.R.Civ.P. 1019(a); Pa.R.A.P. 1513(e); *Myers*, 712 A.2d at 799; *Turner*, 80 A.3d at 764; *Sutton*, 220 A.3d at 1032-33; *see generally* Pet. for Rev. Accordingly, we sustain DOC's preliminary objection to the extent it invoked a demurrer to Petitioner's equal protection and due process claims. *See Sutton*, 220 A.3d at 1036.[9]

### C. Records Act

Last, DOC contends that Petitioner has no right to his medical records under the Records Act. DOC's Br. at 14. DOC reasons that the Records Act does not apply to prison health care facilities and providers. *Id*. at 14-15. In support, DOC

---

[9] Because Petitioner may file an amended petition for review, we trust DOC's counsel will comply with all applicable briefing rules in the future.

discusses *DuBoise v. Rumcik*, 277 A.3d 1221 (Pa. Cmwlth. 2022), which denied the inmate's application for summary relief on his claim that he was entitled to his mental health records under the Records Act. DOC's Br. at 15-16 (referencing *DuBoise*, 277 A.3d at 1224). In DOC's view, the *DuBoise* Court held that DOC had a legitimate penological interest in preventing an inmate from accessing such records. *Id.* at 16. Per DOC, policy DC-ADM 003 was also at issue in *DuBoise*. *Id.* at 15.[10]

We reiterate that in resolving preliminary objections, we accept as true the petitioner's "well-pleaded, material, and relevant facts" and all reasonable inferences therefrom. *Robinson*, slip op. at 1 n.1, 2022 WL 4372601, *1 n.1. We add that we may consider exhibits and documents attached to the petition for review. *Witmer v. Exxon Corp.*, 394 A.2d 1276, 1278 (Pa. Super. 1978) (resolving order sustaining a demurrer). Finally, we need not extensively recap *DuBoise*, other than to note that in *DuBoise*, the Court had previously overruled DOC's preliminary objection in the form of a demurrer to the inmate's petition, which had requested mandamus relief under the Records Act. *DuBoise*, 277 A.3d at 1225. The *DuBoise* Court then ordered DOC to answer the inmate's petition, and DOC filed an answer and new matter, which attached, without apparent objection, policy DC-ADM 003. *Id.*

Instantly, this case differs from *DuBoise* for two reasons. First, *DuBoise* resolved an application for summary relief, unlike the preliminary objection at issue here. *Cf. id.* Second, unlike *DuBoise*, policy DC-ADM 003 is not

---

[10] Petitioner counters by construing the statutory language of the Records Act. Pet'r's Br. at 10-11. In his view, the Records Act grants him the right to access his medical records. *Id.* at 11; *accord* Pet. for Review ¶¶ 16, 22. Petitioner reasons that under the Facilities Act, DOC is a state agency operating a health care facility and, therefore, the Records Act applies. Pet'r's Br. at 11-12.

of record.  *Cf. id.*  Under these circumstances, granting a demurrer based on *DuBoise*, which resolved an application for summary relief, would be premature.  *See Witmer*, 394 A.2d at 1278.

Further, the instant procedural history is similar to *DuBoise*.  In *DuBoise*, the Court recounted that it had previously overruled DOC's demurrer to the inmate's petition for mandamus relief under the Records Act.  *See DuBoise*, 277 A.3d at 1225.  Similarly, as in *DuBoise*, DOC requested a demurrer to Petitioner's petition for review requesting, *inter alia*, mandamus relief under the Records Act.  *See id.*  Given the posture of this case, we overrule DOC's preliminary objection to the extent DOC sought to dismiss the Records Act claim.

### IV. CONCLUSION

For these reasons, we sustain in part and overrule in part DOC's preliminary objection.  Specifically, we sustain DOC's preliminary objection to the extent DOC sought the dismissal of individuals Wetzel, Little, White, and Houser.  We overrule DOC's preliminary objection to the extent DOC requested the dismissal of Smith and Mason.  We sustain DOC's preliminary objection to the degree DOC sought dismissal of Petitioner's equal protection and due process claims.  We overrule DOC's preliminary objection to the degree DOC sought dismissal of Petitioner's claim for mandamus relief regarding the Records Act.  Petitioner may file an amended petition for review conditioned upon Petitioner's compliance with the applicable rules.  Finally, we order DOC to file an answer within 30 days unless Petitioner files a compliant amended petition for review.

_____
LORI A. DUMAS, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Vega,
              Petitioner

    v.

John E. Wetzel, and George M. Little,
Secretary of Pennsylvania D.O.C.
Ms. B. Mason, Superintendent at
SCI-Mahanoy
Ms. L. White, Deputy Superintendent
at SCI-Mahanoy, Ms. Pamela Smith,
and Christina Houser, Health Care
Administrators at S.C.I. Mahanoy,
              Respondents

:
:
:
:
:   No. 39 M.D. 2022
:
:
:
:
:
:
:
:
:
:
:

# **O R D E R**

AND NOW, this 31st day of July, 2023, we SUSTAIN in part and OVERRULE in part the preliminary objection filed by John E. Wetzel, George M. Little, Bernadette Mason, Lori White, Pamela Smith, and Christina Houser (collectively, DOC). Specifically, we SUSTAIN in part DOC's preliminary objection to the extent that DOC requested the dismissal of (1) Wetzel, Little, White, and Houser; and (2) Petitioner's equal protection and due process claims. We OVERRULE in part DOC's preliminary objection to the degree DOC requested the dismissal of (1) Smith and Mason; and (2) Petitioner's mandamus claim under Sections 6151 and 6155 of the Medical Records Act (Records Act), 42 Pa.C.S. §§ 6151, 6155. Petitioner may file an amended petition for review conditioned upon Petitioner's compliance with the applicable rules. DOC must file an answer within 30 days unless Petitioner files a compliant amended petition for review.

_____
LORI A. DUMAS, Judge